### ANDREWS v JACKSON COUNTY

1. Tᴀxᴀᴛɪᴏɴ—Sᴘᴇᴄɪᴀʟ Aꜱꜱᴇꜱꜱᴍᴇɴᴛꜱ—Hᴇᴀʀɪɴɢ—Sᴛᴀᴛᴜᴛᴇꜱ.

The statute which prescribes the procedure for special assessments requires only a simple hearing at which any person assessed has the right to object to the special assessment district previously established by the local governing body (MCLA 123.743).

2. Tᴀxᴀᴛɪᴏɴ—Sᴘᴇᴄɪᴀʟ Aꜱꜱᴇꜱꜱᴍᴇɴᴛꜱ—Hᴇᴀʀɪɴɢ—Nᴏᴛɪᴄᴇ—Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ.

Summary judgment in favor of a defendant township was error where the plaintiff had brought suit attacking the validity of a special assessment alleging that notice of a hearing on the assessment roll had not been given and where the defendant had not even formally denied the allegation.

3. Tᴀxᴀᴛɪᴏɴ—Sᴘᴇᴄɪᴀʟ Aꜱꜱᴇꜱꜱᴍᴇɴᴛꜱ—Vᴀʟɪᴅɪᴛʏ—Cᴏɴꜱᴛɪᴛᴜᴛɪᴏɴᴀʟ Lᴀᴡ.

A special assessment is unconstitutional as a taking without compensation, a denial of due process, and a denial of equal protection where the amount of assessment is so grossly disproportionate to the benefit conferred on the land that the action becomes arbitrary.

4. Tᴀxᴀᴛɪᴏɴ—Sᴘᴇᴄɪᴀʟ Aꜱꜱᴇꜱꜱᴍᴇɴᴛꜱ—Sᴇᴡᴇʀꜱ—Vᴀʟɪᴅɪᴛʏ.

A gross disproportion between the benefit conferred on land and the amount of assessment necessary to construct a sewer system must be weighed against the detriment to the lands of others, if it has been established that the property involved is a source of pollution, in determining the validity of the assessment as a regulatory action under the police power.

Appeal from Jackson, Charles J. Falahee, J.

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ

[1] 48 Am Jur, Special or Local Assessments § 7.
[2] 48 Am Jur, Special or Local Assessments § 153.
[3] 48 Am Jur, Special or Local Assessments § 15.
[4] 25 Am Jur 2d, Drain and Drainage Districts §§ 45–47, 56.

Submitted Division 2 June 19, 1972, at Lansing. (Docket No. 13124.) Decided September 28, 1972.

Complaint by Ann Andrews and others against Jackson County, Summit Township, and the Board of Public Works of Jackson County for a declaratory judgment to have a sewer assessment declared invalid. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Kelly, Kelly & Kelly,* for plaintiffs.

*Bruce A. Barton,* Prosecuting Attorney, for defendant Jackson County.

*Domke, Marcoux, Allen & Beaman,* for defendant Summit Township.

*Joseph C. Olk,* for defendant Board of Public Works of Jackson County.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

DANHOF, J. The Township of Summit is seeking to levy a special assessment to construct a sanitary sewer. The plaintiffs are property owners affected by the assessment. The plaintiffs brought this action seeking to set aside the assessment. The trial court granted the defendants' motion for summary judgment. We reverse and remand.

The township and the County of Jackson are proceeding under MCLA 123.731 *et seq;* MSA 5.570(1) *et seq,* which provides for contracts between local government units for the construction and maintenance of sewage facilities. The plaintiffs argue that it is necessary to hold a hearing on the necessity of the project before such a contract is made. We cannot accept this contention. The

controlling statute, MCLA 123.743; MSA 5.570(13), reads:

"When the board of public works shall determine to spread all or part of the cost of a project to a special assessment district, it shall proceed as provided in chapter 2 of this act. If a municipality other than a county operating under this act elects to raise moneys to pay all or any portion of its share of the cost of a project by assessing the same upon benefited lands, *its governing body shall so determine by resolution and fix the district therefor. The governing body shall then cause a special assessment roll to be prepared and thereafter the proceedings in respect to the special assessment roll and the making and collection of the special assessments thereon, shall be in accordance with the provisions of the statute or charter governing special assessments in the municipality,* except that the total assessment may be divided into any number of installments not exceeding 30, and *any person assessed shall have the right at the hearing upon the special assessment roll to object to the special assessment district previously established in which event due consideration shall be given to the objections."* (Emphasis added.)

As we read the statute, the person assessed may raise any and all issues at the hearing on the assessment roll and only a single hearing is required. Thus, the plaintiffs' contention is lacking in merit. However, the plaintiffs contend that they were given no notice whatsoever of a hearing and given no opportunity to contest the assessment. As the record stands now the defendants have not even formally denied these allegations; thus, summary judgment was improper.

One other issue raised by the plaintiffs merits discussion. The plaintiffs contend that the actions of the defendants amount to a taking without just compensation. This question has been left open by

the Supreme Court in *Butcher v Grosse Ile Twp,* 387 Mich 42, 64 (1972), where the Court said:

"Too, it leaves for another case another obvious question; whether what may be a perfectly lawful and wholly inoffensive underground septic disposal system is a property right which may be condemned and destroyed without payment of just compensation."

The question of a taking in the sense mentioned in *Butcher* is not squarely presented by this case. We have here an assessment for the construction of a sewer and as yet the question of requiring the plaintiffs to connect to the sewer has not arisen. Indeed, unless the Legislature acts the question will never arise since after *Butcher* it is clear that before requiring the plaintiffs to connect to the sewer the township must determine that in fact sewage is emanating from the property. Thus, there will be no question of a taking of a wholly inoffensive septic disposal system.

However, it is still possible to raise the question of a taking without just compensation and the related questions of a deprivation of property without due process of law and a denial of equal protection. Special assessments are based on the fact that a special benefit is conferred on the land. When the amount of the assessment is so grossly disproportionate to the benefit that the action becomes arbitrary the assessment cannot stand. This can be viewed either as a taking without compensation, or a denial of due process of law, or a denial of equal protection.

The plaintiffs have the burden of proof when they seek to have the assessment set aside and that burden is a heavy one. The actions of the township are presumed to be valid. 14 McQuillin, Municipal Corporations (3d ed), § 38.183, p 452.

In the case of sewers, one additional factor must be considered. There is no right to pollute and local government may take reasonable regulatory action under the police power to abate or prevent pollution. If it is established that a given piece of property is a source of pollution, the detriment to the lands of others must be weighed against the disproportion between the benefits and the assessment.

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.